IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02742-CMA-SKC

BETTY JEAN JOHNSTON,
on behalf of herself and all others similarly situated,

      Plaintiff,

v.

CAMINO NATURAL RESOURCES, LLC,
a Delaware limited liability company,

      Defendant.

---

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING THE CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR FINAL FAIRNESS HEARING**

---

This is a class action lawsuit brought by Plaintiff Betty Jean Johnston, on behalf of herself and as representative of a class of owners (defined below), against Camino Natural Resources, LLC ("Defendant"), for the alleged failure to pay statutory interest on payments made outside the time periods set forth in the Production Revenue Standards Act, 52 Okla. St. § 570.1 *et seq.* (the "PRSA") for oil and gas production proceeds from oil and gas wells in Oklahoma. On October 15, 2020, the Parties executed a Stipulation and

Agreement of Settlement (the "Settlement Agreement") finalizing the terms of the Settlement.[1] The Settlement Agreement (Doc. # 53-1), together with the documents referenced therein and exhibits thereto, set forth the terms and conditions for the proposed Settlement of the Litigation. In accordance with the Settlement Agreement, Plaintiff now presents the Settlement to the Court for preliminary approval under Federal Rule of Civil Procedure 23.

After reviewing the pleadings and Plaintiff's Motion to Certify the Class for Settlement Purposes, Preliminarily Approve Class Action Settlement, Approve Form and Manner of Notice, and Set Date for Final Fairness Hearing ("Motion for Preliminary Approval"), it is hereby **ORDERED**:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement unless otherwise defined herein.

2. The Court finds the Settlement Class should be certified solely for the purposes of this Settlement, as the Settlement Class meets all certification requirements of Federal Rule of Civil Procedure 23 for a settlement class.

3. The certified Settlement Class is defined as follows:

All non-excluded persons or entities:

   i. who received working interest, royalty, and/or overriding royalty payments from Defendant for oil and/or gas proceeds from oil and/or gas wells located in the State of Oklahoma with check dates up to and including May 31, 2020.

   ii. The persons or entities excluded from the class are: (1) agencies,

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

2

>departments, or instrumentalities of the United States of America or the State of Oklahoma; (2) publicly traded oil and gas companies and their affiliates; and (3) the persons or entities listed on Exhibit 5 to the Settlement Agreement and their affiliates and related entities.

4. Subject to final approval of the Settlement, the Court finds the above-defined Settlement Class satisfies all prerequisites of Federal Rule of Civil Procedure 23(a) for purposes of the proposed class settlement:

    a. **Numerosity**. Plaintiff has demonstrated "[t]he class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Tenth Circuit has not adopted a set number as presumptively sufficient to meet this burden, and there is "no set formula to determine if the class is so numerous that it should be so certified." *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006). Here, the Settlement Class consists of thousands of owners. Therefore, the Court finds the numerosity prerequisite is met.

    b. **Commonality**. Plaintiff has also demonstrated "[t]here are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).

    c. **Typicality**. Plaintiff has also shown "[t]he claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3).

    d. **Adequacy**. Plaintiff and Plaintiff's Counsel have demonstrated "[t]he representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4).

In addition, because the Court finds Plaintiff and Plaintiff's Counsel to be adequate representatives of the Settlement Class, the Court hereby appoints Plaintiff Betty Jean Johnston as Class Representative and Plaintiffs' Counsel Reagan E. Bradford and Ryan K. Wilson as Co-Lead Class Counsel.

5. The Court also finds the requirements of Federal Rule of Civil Procedure 23(b)(3) are met:

    a. **Predominance**. Class Representative has shown "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

    b. **Superiority**. Class Representative has also established "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

In sum, the Court finds all prerequisites and requirements of Federal Rule of Civil Procedure 23(a)-(b) are satisfied, and the Settlement Class is hereby certified for the purposes of this Settlement.

6. The Court finds, for purposes of this Order, that (a) the proposed Settlement resulted from extensive arm's-length negotiations; (b) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weakness of Class Representative's and the Settlement Class' claims; (c) Class Representative and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (d) the proposed Settlement is sufficiently

fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class.

7. Having considered the essential terms of the Settlement under the recognized standards for preliminary approval as set forth in the relevant jurisprudence, the Court preliminarily approves the Settlement, subject to the right of any member of the Settlement Class to challenge the fairness, reasonableness, and adequacy of any part of the Settlement, Settlement Agreement, Allocation Methodology, or proposed Plan of Allocation (or any other Plan of Allocation), and to show cause, if any exists, why a Final Judgment dismissing the Litigation based on the Settlement Agreement should not be ordered after adequate notice to the Settlement Class has been given in conformity with this Order. As such, the Court finds that those Class Members whose claims would be settled, compromised, dismissed, and released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

8. The Court further preliminarily approves the form and content of the proposed Notice and the proposed Summary Notice, which are attached to the Settlement Agreement as Exhibits 3 and 4 (Doc. # 53-1, pp. 71-79), respectively, and finds the Notice and Summary Notice are the best notice practicable under the circumstances, constitute due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfy the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23. The Court finds the form and content of the Notice and Summary Notice fairly and adequately: (a) describe the terms and effect of the Settlement; (b) notify

the Settlement Class that Class Counsel will seek attorneys' fees, reimbursement of Litigation Expenses, and a Case Contribution Award for Class Representative's services; (c) notify the Settlement Class of the time and place of the Final Fairness Hearing; (d) describe the procedure for requesting exclusion from the Settlement; and (e) describe the procedure for objecting to the Settlement or any part thereof.

9. The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23:

    a. No later than 20 business days after entry of this Preliminary Approval Order, the Settlement Administrator will mail (or cause to be mailed) the Notice by mail to all Class Members who have been identified after reasonable efforts to do so. The Notice will be mailed to Class Members using the data described in paragraph 3.3 of the Settlement Agreement, the last known addresses for each payee, and any updated addresses found by the Settlement Administrator. For any Class Members who received more than one payment, the Notice of Settlement will be mailed to the payee's last-known address (or any updated address found by the Settlement Administrator). The Settlement Administrator will also publish the Summary Notice as described below. It is not reasonable or economically

practical for the Parties to do more to determine the names and addresses of Class Members.

b. No later than 20 business days after entry of this Preliminary Approval Order, or at such time as is ordered by the Court, the Settlement Administrator also shall publish (or cause to be published) the summary Notice of Settlement one time in each of the following newspapers: (a) The Oklahoman, a paper of general circulation in Oklahoma; and (b) the Tulsa World, a paper of general circulation in Oklahoma.

c. Within 10 days after mailing the first notice and continuing through the Final Fairness Hearing, the Settlement Administrator will also display (or cause to be displayed) on an Internet website dedicated to this Settlement the following documents: (i) the Notice of Settlement, (ii) the Complaint, (iii) the Settlement Agreement, (iv) this Order, and (v) other publicly-filed documents related to the Settlement.

10. Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be given pursuant to, the Settlement Agreement, or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

11. The Court appoints JND Class Action Administration to act as Settlement Administrator and perform the associated responsibilities set forth in the Settlement Agreement. The Settlement Administrator will receive and process any Requests for Ex-

clusion and, if the Settlement is finally approved by the Court, will supervise and administer the Settlement in accordance with the Settlement Agreement, the Judgment, and the Court's Plan of Allocation order(s) authorizing distribution of the Net Settlement Fund to Class Members. The Parties and their Counsel shall not be liable for any act or omission of the Settlement Administrator.

12. The Court appoints JND Class Action Administration as the Escrow Agent. The Escrow Agent is authorized and directed to act in accordance with the Settlement Agreement and Escrow Agreement. Except as set forth in paragraph 6.18 of the Settlement Agreement, the Parties and their Counsel shall not be liable for any act or omission of the Escrow Agent or loss for the funds in the Escrow Account.

13. Pursuant to Federal Rule of Civil Procedure 23(e), a Final Fairness Hearing shall be held on **May 12, 2021 at 9:00 AM <u>via VTC</u>**, before the Honorable Christine M. Arguello presiding, to:

    a. determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

    b. determine whether the notice method utilized: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all

applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

   c.   determine whether a final Judgment should be entered pursuant to the Settlement Agreement, inter alia, dismissing the Litigation against Defendant with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

   d.   determine the proper method of allocation and distribution of the Net Settlement Fund among Class Members who are not excluded from the Settlement Class by virtue of a timely and properly submitted Request for Exclusion or other order of the Court;

   e.   determine whether the applications for Plaintiffs' attorneys' fees, reimbursement for Litigation Expenses, and a Case Contribution Award to Class Representative are fair and reasonable and should be approved; and

   f.   rule on such other matters as the Court may deem appropriate.

Counsel are directed to contact my Courtroom Deputy via email (Socorro_West@cod.uscourts.gov) on or before **May 7, 2021** for instructions on how to proceed with the VTC.

14.   The Court reserves the right to adjourn, continue, and reconvene the Final Fairness Hearing, or any aspect thereof, including the consideration for the application for attorneys' fees and reimbursement of Litigation Expenses, without further notice to the

Settlement Class. The Settlement Administrator will update the website maintained pursuant to paragraph 8(c) of this Order to reflect the current information about the date and time for the Final Fairness Hearing.

15. Class Members wishing to exclude themselves from the Settlement Class pursuant to Federal Rule of Civil Procedure 23(e)(4) must submit to the Settlement Administrator a valid and timely Request for Exclusion. Requests for Exclusion must include: (i) the Class Member's name, address, telephone number, and notarized signature; (ii) a statement that the Class Member wishes to be excluded from the Settlement Class in *Johnston v. Camino Natural Resources, LLC*; and (iii) a description of the Class Member's interest in any wells for which it has received payments from Defendant, including the name, well number, county in which the well is located, and the owner identification number. Requests for Exclusion must be served on the Settlement Administrator, Defendant's Counsel, and Plaintiff's Counsel by certified mail, return receipt requested and received within one hundred twenty (120) days from the commencement of the notice program outlined in Paragraph 9, above. Requests for Exclusion may be mailed as follows:

**Settlement Administrator:**

Johnston v. Camino Settlement
c/o JND Class Action Administration, Settlement Administrator
P.O. Box 91232
Seattle, WA 98111-9332

**Class Counsel:**

Reagan E. Bradford
Ryan K. Wilson
Bradford & Wilson PLLC
431 W. Main Street, Suite D

Oklahoma City, OK 73102

**Defendant's Counsel:**

David C. Holman
Jonathan W. Rauchway
Molly Kokesh
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado 80202

Requests for Exclusion may not be submitted through the website or by phone, facsimile, or e-mail. Any Class Member that has not timely and properly submitted a Request for Exclusion shall be included in the Settlement and shall be bound by the terms of the Settlement Agreement in the event it is finally approved by the Court.

16. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, any term of the Settlement, the Allocation Methodology, the Plan of Allocation, the request for Plaintiff's attorneys' fees and Litigation Expenses, or the request for a Case Contribution Award to Class Representative may file an objection. An objector must file with the Court and serve upon Class Counsel and Defendant's Counsel a written objection containing the following: (a) a heading referring to *Johnston v. Camino Natural Resources, LLC*, Case No. 19-cv-02742-CMA-SKC, United States District Court for the District of Colorado; (b) a statement as to whether the objector intends to appear at the Final Fairness Hearing, either in person or through counsel, and, if through counsel, counsel must be identified by name, address, and telephone number; (c) a detailed statement of the specific legal and factual basis for each and every objec-

tion; (d) a list of any witnesses the objector may call at the Final Fairness Hearing, together with a brief summary of each witness's expected testimony (to the extent the objector desires to offer expert testimony and/or an expert report, any such evidence must fully comply with the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules of the Court); (e) a list of and copies of any exhibits the objector may seek to use at the Final Fairness Hearing; (f) a list of any legal authority the objector may present at the Final Fairness Hearing; (g) the objector's name, current address, current telephone number, and all owner identification numbers with Defendant; (h) the objector's signature executed before a Notary Public; (i) identification of the objector's interest in wells from which the objector has received payments by or on behalf of Defendant (by well name, payee well number, and county in which the well is located) during the Claim Period and identification of such payments by date of payment, date of production, and amount; and (j) if the objector is objecting to any portion of the Plaintiff's attorneys' fees or Litigation Expenses sought by Class Counsel on the basis that the amounts requested are unreasonably high, the objector must specifically state the portion of Plaintiff's attorneys' fees and/or Litigation Expenses he/she believes is fair and reasonable and the portion that is not. Such written objections must be filed with the Court and served on Plaintiff's Counsel and Defendant's Counsel, via certified mail return receipt requested, and received no later than 5 p.m. CDT by the deadline of 14 calendar days prior to the Final Fairness Hearing at the addresses set forth in paragraph 15 above.

     Any Class Member who fails to timely file and serve such written statement and provide the required information will not be permitted to present any objections at the

Final Fairness Hearing and such failure will render any such attempted objection untimely and of no effect. All presentations of objections will be further limited by the information listed. Either or both Party's Counsel may file any reply or response to any objections prior to the Final Fairness Hearing. The procedures set forth in this paragraph do not supplant, but are in addition to, any procedures required by the Federal Rules of Civil Procedure.

17. Any objector who timely files and serves a valid written objection in accordance with the above paragraph may also appear at the Final Fairness Hearing, either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to present any objection at the Final Fairness Hearing must comply with the Local Rules of this Court in addition to the requirements set forth in paragraph 16 above.

18. No later than 28 calendar days prior to the Final Approval Hearing, if the Settlement has not been terminated pursuant to the Settlement Agreement or any Supplemental Agreement, Plaintiffs' Counsel and Plaintiffs shall move for: (a) final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23(e); (b) entry of a Judgment in substantially the same form as Exhibit 2; (c) final approval of the Allocation Methodology and Plan of Allocation; and (d) attorneys' fees, reimbursement of Litigation Expenses, and/or a Case Contribution Award.

19. If the Settlement is not approved by the Court, is terminated in accordance with the terms of the Settlement Agreement, or otherwise does not become Final and Non-Appealable for any reason whatsoever, the Settlement, Settlement Agreement, and

any actions to be taken in connection therewith (including this Order and any Judgment entered herein), shall be terminated and become void and of no further force and effect as described in the Settlement Agreement. Any obligations or provisions relating to the refund of Plaintiffs' Attorney's Fees, Litigation Expenses, the payment of Administration, Notice, and Distribution Costs already incurred, and any other obligation or provision in the Settlement Agreement that expressly pertains to the termination of the Settlement or events to occur after the termination, shall survive termination of the Settlement Agreement and Settlement.

20. All proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final approval of the Settlement, Class Representative and all Class Members are barred, enjoined, and restrained from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on the behalf of any other person or class, any Released Claim against Released Parties.

21. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto, is not, and shall not be construed as an admission or concession by any of the Parties to the Settlement Agreement. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the propriety of maintaining this Litigation as a contested class action or of class certifiability, and Defendant specifically denies any such fault, wrongdoing, breach, liability, and allegation regarding certification. This Order

shall not be construed or used as an admission, concession, or declaration by or against Class Representative or the Settlement Class that their claims lack merit or that the relief requested in the Litigation is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have with respect to the Litigation or class certifiability in the event the Settlement is terminated.

22. The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further written notice to the Settlement Class.

DATED: November 30, 2020

_____
CHRISTINE M. ARGUELLO
United States District Judge

**Approved as to Form:**

/s/ **_Reagan E. Bradford_**
Reagan E. Bradford
Ryan K. Wilson
BRADFORD & WILSON PLLC
431 W. Main Street, Suite D
Oklahoma City, OK 73102
Telephone: (405) 698-2770
Facsimile: (405) 234-5506
reagan@bradwil.com
ryan@bradwil.com

**CLASS COUNSEL**

/s/ **_David C. Holman_**
Jonathan W. Rauchway
David C. Holman
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: jon.rauchway@dgslaw.com
david.holman@dgslaw.com

**COUNSEL FOR DEFENDANT**