IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02742-CMA-SKC

BETTY JEAN JOHNSTON,
on behalf of herself and all others similarly situated,

      Plaintiff,

v.

CAMINO NATURAL RESOURCES, LLC,
a Delaware limited liability company,

      Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF PLAINTIFF'S ATTORNEYS' FEES, LITIGATION EXPENSES, ADMINISTRATION, NOTICE, AND DISTRIBUTION COSTS, AND CASE CONTRIBUTION AWARD**

---

This matter is before the Court on Plaintiff's Motion for Approval of Plaintiff's Attorneys' Fees, Litigation Expenses, Administration, Notice, and Distribution Costs, and Case Contribution Award (Doc. #61, the "Motion").

## I. BACKGROUND

This is a class action lawsuit brought by Plaintiff Betty Jean Johnston, on behalf of herself and as representative of a class of owners, against Camino Natural Resources, LLC ("Defendant"), for the alleged failure to pay statutory interest on payments made outside the time periods set forth in the Production Revenue Standards Act, 52 Okla. St. § 570.1 *et seq.* (the "PRSA") for oil and gas production proceeds from oil and gas wells

in Oklahoma. On October 15, 2020, Plaintiff and Defendant executed a Stipulation and Agreement of Settlement (the "Settlement Agreement"), finalizing the terms of the Settlement. On November 30, 2020, the Court preliminarily approved the Settlement and issued an Order Granting Preliminary Approval of Class Action Settlement, Certifying the Class for Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness Hearing (Doc. # 55, the "Preliminary Approval Order"). Notice was subsequently carried out by Plaintiff and Class Counsel, as directed by the Court in the Preliminary Approval Order. Pertinent here, no objections were made to the Motion and the requests for attorneys' fees, litigation expenses, administration, notice, and distribution costs, or a case contribution award.

## II. **ATTORNEYS' FEES**

Any award of attorney fees must be reasonable. F.R.C.P. 23(h). "[T]he district court has broad authority" to determine the amount and reasonableness of fees. *Law v. Nat'l Collegiate Athletic Ass'n*, 4 F. App'x 749, 751 (10th Cir. 2001)).

To determine whether a request for fees is reasonable, courts in the Tenth Circuit apply the 12-factor test set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454) (adopting the *Johnson* test). Those factors include: (1) the time and labor required; (2) the novelty and difficulty of the question presented in the case; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment because of acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations the client or circumstances imposed; (8) the amount involved and the results

obtained; (9) the attorneys' experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Gottlieb*, 43 F.3d at 483 n.4. "[A] court may assign different relative weights to the factors—that is, none of the factors is inherently equiponderant, preponderant, or dispositive." *Stalcup v. Schlage Lock Co.*, 505 F. Supp. 2d 704, 705–06 (D. Colo. 2007). "[R]arely are all of the *Johnson* factors applicable*.*" *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 853 (10th Cir. 1993).

Taking into consideration the *Johnson* factors, the Court finds that the agreed upon fee request is reasonable as a matter of law. The Settlement provides an award for attorneys' fees and expenses that is 40% of the Gross Settlement Value, and Defendant does not oppose such an award. (Doc. # 53-1 at 27). The requested fee is within the normal range for a contingent fee award. *See Lucken Family Ltd. Partnership, LLLP v. Ultra Res., Inc.*, No. 09–cv–01543–REB–KMT, 2010 WL 5387559, at *5–6 (D. Colo. Dec. 22, 2010) ("The customary fee awarded to class counsel in a common fund settlement is approximately one third of the total economic benefit bestowed on the class.") (citing, *inter alia*, *Vaszlavik v. Storage Tech. Corp.*, No. 95–B–2525, 2000 WL 1268824, *4 (D. Colo. Mar. 9, 2000) ("requested fee of 30% of the settlement is well within the ordinary range of common fund awards," and "[a] 30% common fund award is in the middle of the ordinary 20%–50% range and is presumptively reasonable"); *Cimarron Pipeline Constr., Inc. v. Nat'l Council on Compensation*, Nos. CIV 89–822–T, CIV 89–1186–T, 1993 WL 355466, at *2 (W.D. Okla. June 8, 1993) (noting that "[f]ees in the range of 30–40% of any amount recovered are common in complex and other cases taken on a contingent fee basis," and

finding that "attorneys' fees of 33 1/3% of the common fund created by the efforts of counsel for the Class are in line with comparable other cases, [and] consistent with prevailing case law of this circuit"). Counsel achieved positive results for the Class, sparing them from lost energy and funds that often come with extended litigation and trial on the merits, and no objections were made to the request.

Accordingly, the requested award of attorneys' fees is approved in the amount of $840,000.00.

## III. LITIGATION EXPENSES AND NOTICE, ADMINISTRATION, AND DISTRIBUTION COSTS

"As with attorney fees, an attorney who creates or preserves a common fund for the benefit of a class is entitled to receive reimbursement of all reasonable costs incurred . . . in addition to the attorney fee percentage." *Vaszlavik*, 2000 WL 1268824, at *4. Class Counsel has obtained an excellent recovery, which necessitated incurring expenses that Class Counsel paid or will be obligated to pay. To date, Class Counsel has incurred $64,294.88 in Litigation Expenses and $36,045.11 in Administration, Notice, and Distribution Costs. *See* Doc. #61 at 10–11. Class Counsel further seeks a reserve of $50,000.00 for future anticipated Litigation Expenses and Administration, Notice, and Distribution Costs, subject to Court approval of any such request. *Id.* at 11. The Court finds these requests to be fair and reasonable and no objection was made to these requests.

Accordingly, the requested Litigation Expenses of $64,294.88 and Administration, Notice, and Distribution Costs of $36,045.11 is approved. Further, the Court approves a

reserve of $50,000.00 for future anticipated Litigation Expenses and Administration, Notice, and Distribution Costs, subject to Court approval of any such future request.

## IV. **CASE CONTRIBUTION AWARD**

Plaintiff also requests a $42,000 Case Contribution Award, which is 2% of the $2.1 million cash payment and approximately 0.46% of the Gross Settlement Value. *See* Doc. #61 at 12. Federal courts regularly give incentive awards to compensate named plaintiffs. *See, e.g., Harris v. Chevron U.S.A., Inc., et al.*, No. 19-CV-355-SPS, 2020 WL 8187464, *8 (E.D. Okla. Feb. 27, 2020) (The class representative's "request for an award of two percent is consistent with awards entered by Oklahoma state and federal courts, as well as federal courts across the country."). The Court finds this request to be fair and reasonable and no objection was made to this request.

Accordingly, the requested Case Contribution Award of $42,000.00 is approved.

DATED: June 22, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge